### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| DAVID J. ESTELL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-01060 |
| MIDLAND CREDIT MANAGEMENT, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

### COMPLAINT

NOW comes DAVID J. ESTELL ("Plaintiff"), by and through the undersigned, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code. Ann. § 392 *et seq.* for Defendant's unlawful conduct.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a 38 year old natural "person," as defined by 47 U.S.C. §153(39), residing in San Marcos, Texas, which lies within the Western District of Texas.

5. As reflected on its website, Defendant is a self-proclaimed debt collector.[1] Defendant is a corporation organized under the laws of the state of Kansas, with its principal place of business is located at 3111 Camino Del Rio North, Suite 1300, San Diego, California.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon a purportedly outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

9. The subject debt stems from purportedly past due payments Plaintiff is said to owe in connection with a Credit One Bank, N.A. ("Credit One") credit card Plaintiff used for personal purposes.

10. On information and belief, Defendant acquired the collection rights to the subject debt after Plaintiff's purported default with Credit One.

---

[1] https://www.midlandcreditonline.com/who-is-mcm/

11. Further, upon information and belief, the subject debt is a "stale debt," which is past the applicable statute of limitations.

12. On or about September 23, 2020, Defendant sent or caused to be sent to Plaintiff a packet of collection correspondences, containing both a letter and a pamphlet outlining various offers in connection with the subject debt, in an attempt to collect upon the subject debt.

13. The letter contained within the packet provided Plaintiff various pieces of information regarding the subject debt, including the below excerpt:



14. Plaintiff was confused as to Defendant's identification of the "Current Owner" of the subject debt, as the information provided suggests that a series of numbers is the current owner of the subject debt.

15. As a result of Defendant's confusing representation, Plaintiff was deprived the ability to intelligently respond to Defendant's collection letter, as he was unsure of precisely to whom the debt was owed, information vital to the manner in which Plaintiff's would determine how and whether to respond to Defendant's collection correspondences.

16. Defendant's collection letter goes on to reinforce the notion that the correspondence was sent regarding the Capital One debt, and went about offering Plaintiff several options to go about addressing the subject debt.

17. The options presented in the collection letter were: (1) 40% discount, paid in a lump sum, with a payment due date of October 23, 2020; (2) $20 discount, split up over 6 payments, first payment due October 23, 2020; and (3) an offer that Plaintiff make monthly payments as low as $50.

18. Defendant's collection letter further states that the offers in the collection letter expire October 23, 2020.

19. The pamphlet Plaintiff received from Defendant similarly contained various offers available to Plaintiff in connection with the subject debt.

20. The front side of the pamphlet states "LIMITED TIME OFFERS."

21. Inside the pamphlet, Defendant presents "5 simple options" which are stated as follows: (1) pay as little as $5/month for the first three months; (2) skip a payment; defer your payments until you can pay; (3) pay when you can: weekly, bi-weekly, or monthly; (4) extra savings are coming your way if you can pay today; and (5) can't pay? We can temporarily stop collections until you are ready to resume making payments.

22. The backside of the pamphlet goes on to state "PLEASE REFER TO ALL ENCOLSED MATERIALS FOR IMPORTANT DISCLOSURE INFORMATION INCLUDING THE OFFER EXPIRATION."

23. On its face, Defendant's collection letter and pamphlet contain internal inconsistencies which greatly confused Plaintiff as to the nature of his options to go about addressing the subject debt.

24. While Defendant's collection letter represents that Plaintiff has the option to make payments "as low as" $50, the pamphlet suggests that Plaintiff could enter into a plan that would allow him to pay as little as $5 a month, demonstrating the literally false nature of Defendant's representation in its collection letter as to the least amount Plaintiff could pay in connection with Defendant's offers regarding the subject debt.

25. Additionally, Plaintiff was unsure about the nature of Defendant's representation that "extra savings are coming your way if you can pay today" – as Plaintiff was confused as to whether the "extra" savings were in addition to the savings Defendant's collection letter represented were available to Plaintiff.

26. Furthermore, Plaintiff was confused as to how the deadline represented in the collection letter (October 23, 2020) interacted with the offers made in the pamphlet.

27. Specifically, Plaintiff was unsure as to whether, in connection with Defendant's offer that Plaintiff skip a payment, he could delay making payments until after the represented deadline, then begin making payments and still be entitled to the offer represented in Defendant's pamphlet.

28. Defendant's additional suggestion that Plaintiff could pay when he was able similarly suggested that he could delay making payments until after the expiration date in the collection letter.

29. The extent to which Defendant's collection letter gives rise to multiple reasonable interpretations of the options purportedly available to Plaintiff and Plaintiff's timeline to accept any such efforts demonstrates Defendant's deceptive and misleading conduct in connection with its efforts to collect the subject debt from Defendant.

30. Furthermore, Defendant's correspondences were clearly designed to illustrate the purported time-sensitive nature of the options available therein; however, upon information and

belief, Defendant would have allowed Plaintiff to avail himself of many of the options represented in the collection letter after October 23, 2020.

31. Defendant deceptively and misleadingly represented the time-sensitive nature of its offers in a deceptive and misleading attempt to compel Plaintiff's prompt attention to the subject debt, notwithstanding the inherent inconsistencies and lack of vital information included within its collection correspondences.

32. While Defendant's collection letter states that it is not obligated to renew any of the offers provided, this language only furthers the time-sensitive nature of Defendant's representations and similarly left Plaintiff with the impression that he must act promptly or else lose the ability to avail himself of the many options Defendant represented as being available to him.

33. Confused and concerned by the nature of Defendant's collection letter, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

34. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently chart a course of conduct in response to Defendant's efforts to collect the subject debt given Defendant's violations of law, and a violation of his state and federally protected interests to be provided clear, accurate, and non-misleading information regarding the debt serving as the basis of Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

37. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of

which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

38. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

39. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

41. Defendant violated § 1692e, e(2), and e(10) through its deceptive and misleading representation that the current owner of the subject debt was a series of numbers. Plaintiff was extremely confused as to whom the current owner of the subject debt was based on Defendant's confusing and misleading representation. As a result of Defendant's misrepresentation, Plaintiff was deprive the ability to intelligently chart a course of conduct in response to Defendant's collection efforts, as information regarding the current owner of a subject debt was crucial to Plaintiff's decision-making process in connection with the subject debt.

42. Defendant further violated § 1692e and e(10) through its confusing and inconsistent representations as to the options available to Plaintiff to go about addressing the subject debt. Defendant's collection correspondences, when viewed in conjunction, contain literal falsities and

inherent inconsistencies that led Plaintiff, and lead the unsophisticated consumers, into multiple reasonable interpretations of the nature of the offers made by Defendant, at least some of which would be false, demonstrating the deceptive and misleading nature of Defendant's offers.

43. Defendant further violated §§ 1692e, e(2), and e(10) through its deceptive representations as to the deadline with which Plaintiff would have to accept Defendant's purported offers made in connection with the subject debt. Based on the nature of the offers provided, and further upon information and belief, Defendant would have made similar offers and extended those offers to Plaintiff after the represented deadline. Defendant's statement that it is not obligated to renew the offers only furthers their time-sensitive nature. As a result of Defendant's conduct, Plaintiff was confused and concerned that he would lose the ability to avail himself of the various options given his inability to address the subject debt, causing him stress and anxiety.

WHEREFORE, Plaintiff, DAVID J. ESTELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. Defendant is a "debt collector" and "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

47. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

      a. **Violations of TDCA § 392.304**

48. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

49. Defendant violated the above referenced provisions of the TDCA through its misrepresentations as to the current owner of the subject debt.

50. Defendant further violated the above referenced provisions of the TDCA based on the confusing and inconsistent nature of the offers provided to Plaintiff.

51. Finally, Defendant violated the above referenced provisions of the TDCA through its deceptive and misleading representations as to the time-sensitive nature of the offers in its collection correspondences.

WHEREFORE, Plaintiff, DAVID J. ESTELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated:  October 22, 2020                                Respectfully submitted,

<u>s/ Nathan C. Volheim</u>
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com